IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| L'TEISHA HOLLOWAY and<br>BIANCA GRANGER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv119-MHT |
| | ) | (WO) |
| HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiffs L'Teisha Holloway and Bianca Granger
brought this action against defendant Health Services,
Inc. (HSI), asserting six counts of discrimination and
retaliation against them during their employment with
the company.   Count One of the amended complaint
alleges sex discrimination against Holloway in
violation of Title VII of the Civil Rights Act of 1964,
as amended, 42 U.S.C. §§ 1981a and 2000e through
2000e-17.   Count Two alleges sexual harassment of
Holloway and creation of a hostile work environment in
violation of Title VII.   Count Three alleges race

discrimination against Granger in violation of Title VII and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.   Count Four alleges national origin discrimination against Granger in violation of Title VII and § 1981.   Count Five alleges retaliation against Holloway under Title VII.   Count Six alleges retaliation against Granger under Title VII and § 1981. This court has federal-question jurisdiction under 28 U.S.C. § 1331.

This lawsuit is now before the court on HSI's renewed motion to sever.   For the reasons that follow, the court concludes that the motion should be denied without prejudice.

## I. BACKGROUND

### a. Holloway's Claims

Holloway was hired at HSI in 2016.   She was promoted several times, and by September 2017 she was in a salaried position reporting directly to the

2

company's CEO, Gilbert Darrington.  Holloway contends that Darrington would regularly send her inappropriate text messages and emails, flirt with her, and touch her without her consent.  Holloway did not respond to his advances.  In January 2018, Holloway was demoted back to an hourly position, which she says was in retaliation for her rejection of Darrington.

Darrington's inappropriate messages continued after Holloway was demoted.  In April 2018, she formally reported the harassment to her supervisor, plaintiff Bianca Granger.  However, Holloway says that the company never responded to her complaint and took no action to discipline Darrington or protect her from further discrimination.


### b. Granger's Claims

Granger was hired at HSI in 2007.  During her time at the company, she was promoted several times and was eventually named Chief Operating Officer.  When

3

Holloway was demoted after declining Darrington's advances, Granger became her supervisor. As a result, it was Granger to whom Holloway formally reported Darrington's sexual harassment, and it was Granger who relayed this information to HSI's Compliance Officer and HSI's attorney in April 2018.

Less than a month after Granger reported Holloway's claim, she was terminated by HSI. Granger notes that she had never received any prior disciplinary actions, and she contends that she was fired in retaliation for sharing Holloway's allegations against Darrington with the company.

In addition to her retaliation claim, Granger also says that HSI subjected her to discrimination based on her race and national origin. Granger is bi-racial and was born and raised in Germany. She alleges that during the final years of her employment at HSI, the Chief Medical Officer and the Chief Financial Officer made offensive comments about her German background and

**4**

bullied her for being bi-racial.  She says that HSI did nothing to prevent those attacks or punish the offenders, and she reports that the comments continued even after she complained both verbally and in writing. She also alleges that her termination was based, at least in part, on this race and national origin discrimination.

### c. *The Motion to Sever*

HSI moves to sever the claims of the two plaintiffs. It argues that the plaintiffs are mis-joined under Rule 20 of the Federal Rules of Civil Procedure because their claims are based on different factual circumstances and disparate theories of liability.  In the alternative, HSI says that the court should draw on its discretion to sever the plaintiffs' claims because allowing them to be tried together would cause prejudice to the company.

## II. LEGAL STANDARDS

Under Rule 20, multiple plaintiffs may join together in one action when two prerequisites are met: (1) their right to relief must arise out of the same transaction or occurrence, or the same series of transactions or occurrences, and (2) some question of law or fact must be common to all persons seeking to be joined. *See* Fed. R. Civ. P. 20(a)(1); *see also Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017). When assessing whether these requirements are satisfied, the court must accept the factual allegations in the complaint as true. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) (Karas, J.). Rule 21 provides that to remedy improper joinder, the court may "sever any claim against a party." Fed. R. Civ. P. 21. Additionally, Rule 42(b) vests in the district court the discretion to order separate trials "[f]or convenience, to avoid

6

prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

In determining whether multiple claims arise from the same transaction or occurrence, courts look to whether a "logical relationship" exists between the claims. *Alexander v. Fulton Cty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc). Courts generally take a case-by-case approach to evaluating whether such a relationship exists. *See Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2020) (Reed, J.). However, relevant factors include whether the claims involve the same factual or legal issues, whether they could be considered parts of the same basic controversy between the parties, and whether holding separate trials would involve duplicate evidence and effort. *See Klimaski v. Parexel Int'l*, No. Civ. A. 05-298, 2005 WL 857450 (E.D. Pa. Apr. 4., 2005) (Joyner, J.); *see also Ulysse v.*

7

*Waste Mgmt., Inc. of Fla.*, 645 F. App'x 838, 839 (11th Cir. 2016).

The second prong of Rule 20 requires only that there be *some* question of law or fact common to all parties, not that *all* the questions raised by the claims be identical. *See* Fed. R. Civ. P. 20(a)(1)(B); *see also Alexander*, 207 F.3d at 1324. In other words, Rule 20 does not require that "common issues ... predominate over individual specific issues." *Fisher v. Ciba Specialty Chems. Corp.*, 245 F.R.D. 539, 542 (S.D. Ala. 2007) (Steele, J.). A shared question of whether the defendant's conduct was indeed discriminatory is enough to satisfy this requirement. *See Alexander*, 207 F.3d at 1324; *see also Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989) (Goettel, J.) (noting that in various employment discrimination cases, "courts have found that the discriminatory character of a defendant's conduct is common to each plaintiff's recovery").

In addition to determining whether claims were properly joined under Rule 20, a court considering a motion to sever should take into account the interests of judicial economy and case management, prejudice to the parties, and fundamental fairness. *See Potts v. B&R, LLC*, No. 8:13cv2896, 2014 WL 1612364 (M.D. Fla. Apr. 21, 2014) (Whittemore, J.) (listing cases). In general, joinder is "strongly encouraged," and the Supreme Court has urged that Rule 20 be construed to allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). However, district courts have broad discretion to determine whether to sever parties or claims. *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

## III. DISCUSSION

In its motion, HSI asks that the claims brought by Holloway be severed from those brought by Granger.

**9**

However, to evaluate properly whether severance is warranted, the court must consider the factual circumstances of each individual claim, not merely which plaintiff brought it.

In Counts One, Two, Five, and Six, both plaintiffs allege discrimination and illegal retaliation stemming from the same underlying occurrence: Darrington's harassment of Holloway. These claims not only logically relate, they overlap--Holloway was demoted because she rejected Darrington's advances, and Granger was fired for reporting those advances to the company and its attorneys. And they share fundamental questions of law, including whether Darrington's actions constituted discrimination and whether the events that occurred after the plaintiffs complained constitute unlawful retaliation.

The fact that the plaintiffs allege that they suffered different forms of retaliation does not preclude a finding that their claims should be joined.

10

*See Alexander*, 207 F.3d at 1324.   These claims clearly share both a logical relationship and underlying questions of fact and law.   They need not be identical for joinder to be proper.

The court has some concerns about Counts Three and Four, Granger's race and national origin discrimination claims.   The complaint is not clear about exactly what sort of adverse action Granger alleges resulted from this discrimination.   The plaintiffs' brief provides even less information.   Indeed, it fails to specifically address these claims at all, or to explain how they relate to the rest of the case.   At this point, it is unclear to the court whether the plaintiffs intend to continue pursuing these claims.

The closest the brief comes to explaining why these counts should not be severed is a broad allegation that HSI may have "a practice of discriminating against employees, taking no action to stop discriminatory conduct towards employees, and retaliating against

11

employees when they complain or report the conduct of Darrington." However, the plaintiffs present no evidence that there is any causal link between the different forms of discrimination they suffered and "a common and identifiable wrongful act on the part of the defendant." *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 788 (N.D. Ga. 1994) (Carnes, J.) (finding no common transaction or occurrence despite the defendant's motive to discriminate and both anecdotal and statistical evidence of bias). Nor can they point to a standardized policy of discrimination or a pattern of discriminatory activity within HSI. *See Mosley*, 497 F.2d at 1333 (finding that "a company-wide policy purportedly designed to discriminate against blacks in employment" constituted a series of transactions or occurrences).

Ultimately, however, the court finds that the requirements for joinder are satisfied. Granger alleges that her termination was based on both

retaliation for reporting Holloway's allegation of sexual harassment and ongoing discrimination against her for her race and national origin. As a result, these claims arise out of a common occurrence, Granger's termination, and share common questions of law and fact.

Moreover, it would promote judicial efficiency to try all the claims together. They almost certainly share relevant evidence, and it would save time and resources to conduct discovery on all of them at once. Since the claims substantially overlap, the plaintiffs will call similar witnesses, and testimony that is relevant to one claim is likely to be equally relevant to all. Indeed, the plaintiffs have already indicated that they would testify on each other's behalf if the court were to hold separate trials. Maintaining these claims in one action avoids duplicative effort and promotes judicial efficiency, with minimal risk of undue prejudice to HSI.

13

The court will deny the motion to sever without prejudice.  It is possible that facts could arise during discovery to justify severance.  If that is the case, HSI is free to file a new motion at an appropriate time prior to trial.  At this stage in the proceedings, however, the court concludes that the motion to sever should be denied.

* * *

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant Health Services, Inc.'s renewed motion to sever (doc. no. 21) is denied without prejudice.

DONE, this the 30th day of November, 2020.

_/s/ Myron H. Thompson_
UNITED STATES DISTRICT JUDGE

14